# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIANE MCCOY, individually and on behalf of all others similarly situated, ) ) ) ) ) *Plaintiff*, ) ) v. ) ) GEICO INDEMNITY COMPANY, a ) foreign corporation ) ) *Defendant*. ) | Civil Action No. 3:20-CV-05597-TJB |

## ORDER APPROVING SETTLEMENT
## AND JUDGMENT OF DISMISSAL WITH PREJUDICE

The parties have reached a settlement in this case. Through an unopposed motion for final approval of class settlement, Plaintiff seeks, among other things, that the Court (1) certify the proposed class for settlement purposes; (2) approve the Class Action Settlement Agreement; (3) find that notice to Settlement Class Members was fair, adequate, and comported with due process; and (4) enter an order finally approving the Settlement and of Final Judgment of Dismissal with Prejudice. For the reasons stated below, the Motion is granted.

WHEREAS, Plaintiff Diane McCoy, individually and on behalf of the proposed Settlement Class, and Defendant GEICO Indemnity Company, along with all related, parent, affiliated and subsidiary companies, except Government Employee Insurance Company, whose insureds are not part of this settlement ("GEICO") have agreed, subject to approval by the Court, to settle this Action upon the terms and conditions in the Agreement; and

WHEREAS, the Parties have made an application for final approval of the Settlement of this Action, as set forth in the Agreement; and

WHEREAS, on September 4, 2024, this Court preliminarily approved the Settlement as fair, reasonable, and adequate, directed that Notice be directed to the Settlement Class as set forth in the Settlement, and preliminarily certified the Settlement Class; and

WHEREAS, on December 12, 2024, Class Counsel filed a Motion for Attorneys' Fees and Costs and Service Awards; and

WHEREAS, all capitalized terms used herein shall have the same meaning as set forth in the Agreement and are hereby incorporated by reference, and this Order incorporates by reference the definitions in the Agreement; and

WHEREAS, Plaintiff was appointed as the Class Representative (Dkt. No. 84 at ¶ 22); and

WHEREAS, GEICO and Class Counsel have satisfactorily demonstrated to the Court that the Notice Plan was followed as agreed to in the Agreement and ordered by the Court; and

WHEREAS, a Final Fairness Hearing was held on January 27, 2025, at which all interested persons were given an opportunity to be heard, and at which there were no objections lodged to the Settlement; and

The Court has read and considered the Agreement and the exhibits and has considered all papers filed and proceedings had herein, and is otherwise fully informed, and for good cause appearing,

**IT IS ORDERED:**

1. This Order incorporates the definitions in the Agreement.

2. The Court possesses jurisdiction over the subject matter of this Action and over all Parties to this Action.

3. The Court approves the Agreement, and finds the Settlement to be fair, reasonable, and adequate to the Settlement Class members. Such finding, however, is not to be deemed an admission of liability by GEICO or a finding of the validity of any claims asserted in the Action.

4. The Court finds the Class Action Fairness Act Notice given by the Settlement Administrator on behalf of GEICO was in full compliance with 28 U.S.C. § 1715(b). *See* Dkt. No. 88-2 at ¶¶ 3–4.

5. The Court finds the Class Notice constituted the best notice practicable, and constituted valid and sufficient notice to all Persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

6. The Court appoints Plaintiff as Class Representative and Normand PLLC, DiCello Levitt LLP, Dapeer Law, P.A., Edelsberg Law, P.A., and Shamis & Gentile, P.A. as Class Counsel.

7. The Court reaffirms and appoints JND Legal Administration as the Settlement Administrator.

8. Consistent with the Agreement, the Court certifies for purposes of settlement the Settlement Class as defined in the Agreement, subject to the exclusions set forth therein.

9. The Court confirms, for the purpose of settlement only, that the requirements of Federal Rule of Civil Procedure 23 have been met as to the Settlement Class. As such, the Settlement Class, as defined in the Settlement Agreement, is certified for purposes of settlement.

10. The Court finds that the Settlement is fair, reasonable, adequate, and in the best interest of the Class Members, given (i) the arm's-length negotiations; (ii) the lack of evidence of any fraud or collusion; (iii) the complexity, expense, and likely duration of the litigation; (iv) the stage of the proceedings and discovery completed; and (v) the opinion of Class Counsel, the Class Representative, and Settlement Class Members. The Court notes there are *no objections* lodged by

Settlement Class Members, which strongly supports approval of the Settlement. *See generally, e.g.*, *Bell Atl. Corp. v. Bolger*, 2 F.3d 1304, 1314 (3d Cir. 1993) (A "paucity of protestors . . . militates in favor of the settlement[.]"); *see also Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 119 (3d Cir. 1990) (objections by 29 members of a class comprised of 281 "strongly favors settlement"); *In re Prudential Ins. Co. of Am. Sales Prac. Litig.*, 962 F. Supp. 450, 537 (D.N.J. 1997), *aff'd*, 148 F.3d 283 (3d Cir. 1998) (small number of negative responses to settlement favors approval); *Weiss v. Mercedes-Benz of N. Am.*, 899 F. Supp. 1297 at 1301 (D.N.J. 1995) (100 objections out of 30,000 class members weighs in favor of settlement).

11. In accordance with the terms of the Settlement and the Preliminary Approval Order, the Parties implemented the Notice Plan approved by the Court. The Settlement Administrator, GEICO's counsel, and Class Counsel have confirmed that the Parties complied with the Notice Plan. *See* Dkt. No. 88-2.

12. As such, the Court **GRANTS FINAL APPROVAL OF** the Settlement, and the Parties are hereby directed to consummate the Settlement in accordance with its terms.

13. The Class Claims in this Action are dismissed in their entirety, on the merits, with prejudice and without leave to amend, and all members of the Settlement Class, the Releasing Parties, and any of their respective heirs, executors, administrators, partners, agents, and the successors and assigns of each of them, shall be forever barred and permanently enjoined from asserting, either directly or indirectly, individually, or in a representative capacity or on behalf of or as part of a class, and whether under State or Federal statutory or common law, any Released Claim against any Released Person.

14. By operation of the entry of the Final Judgment, each Settlement Class Member shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent

permitted by law, all Released Claims that the Releasing Parties may have against all the Released Persons.

15. The Court considered the application of attorneys' fees and costs and service awards to the named Plaintiff. The Third Circuit employs a dual-method approach for awarding attorneys' fees in class action cases, utilizing both the lodestar and percentage-of-recovery methods. *In re Budeprion XL Mktg. & Sales Litig.*, No. 09-md-2107, 2012 U.S. Dist. LEXIS 91176 (E.D. Pa. July 2, 2012); *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000). "While either the lodestar or percentage-of-recovery method should ordinarily serve as the primary basis for determining the fee, the Third Circuit has instructed that it is sensible to use the alternative method to double check the reasonableness of the fee." *Varacallo v. Massachusetts Mut. Life Ins. Co.*, 226 F.R.D. 207, 249 (D.N.J. 2005) (*Prudential I*, 962 F. Supp. at 478).

16. Courts have significant discretion in choosing the proper percentage. *In re Ins. Brokerage Antitrust Litig.*, 297 F.R.D. 136, 155 (D.N.J. 2013). Here, the fee that Class Counsel seeks and Defendant does not oppose—27.5% of the value of the settlement—is on the low end of the percentage range that has been recognized as reasonable in similar-sized cases. *See In re Merck & Co., Inc., Vytorin ERISA Litig.*, No. 08-285, 2010 U.S. Dist. LEXIS 12344, 2010 WL 547613, at *13-14 (D.N.J. Feb. 9, 2013) (awarding attorney fee of 33%, plus expenses, from the fund); *Milliron v. T-Mobile USA, Inc.*, No. 08-4149, 2009 U.S. Dist. LEXIS 101201, 2009 WL 3345762, at *14 (D.N.J. Sept. 10, 2009) (approving attorney fee of 33 1/3%, plus expenses, on common fund amount of $13.5 million); *In re Ins. Brokerage Antitrust Litig.*, 297 F.R.D. 136, 155 (D.N.J. 2013) (approving 33% fee award); *In re Remeron Direct Purchaser Antitrust Litig.*, 2005 U.S. Dist. LEXIS 27013, at *42 (D.N.J. Nov. 9, 2005) ("Courts within the Third Circuit often award fees of 25% to 33% of the recovery.").

17. The Third Circuit has set out several factors, known as the *Gunter* factors, to be considered when assessing the reasonableness of the fee. These factors include: (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiff's counsel; and (7) the awards in similar cases. *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 301 (3d Cir. 2005) (citing *Gunter*, 223 F.3d at 195 n.1) (the "*Gunter* factors"). Upon review, each *Gunter* factor supports Class Counsel's fee request.

18. Class Counsel's lodestar likewise supports their fee request. *See Varacallo*, 226 F.R.D. at 249. Class Counsel's lodestar exceeds the fee sought, resulting in a "negative multipler." *See* Dkt. No. 87-2, ¶ 10. "Because the lodestar crosscheck results in a negative multiplier, it provides strong evidence that the requested fee is reasonable." *Castro v. Sanofi Pasteur Inc.*, No. 11-7178 (JMV)(MAH), 2017 U.S. Dist. LEXIS 174708, at *27 (D.N.J. Oct. 20, 2017).

19. Having considered the percentage of the fund, Class Counsel's lodestar, and the *Gunter* factors as cross-checks, the Court finds $520,482.00, in attorneys' fees and costs, which is 27.5% of the of the settlement value of $1,892,662.20, is fair and reasonable and approves such amount.

20. The requested service award of $6,500.00 to Plaintiff McCoy is also reasonable and in accordance with Service Awards consistently approved in this Circuit and others. *See, e.g.*, *Chakejian v. Equifax Info. Servs.*, 275 F.R.D. 201, 220 (E.D. Pa. 2011) (awarding named plaintiff $15,000 and noting that sum is within the range of incentive awards recently accepted by other courts); *see also Bredbenner*, 2011 U.S. Dist. LEXIS 38663, at *68 (D.N.J. Apr. 8, 2011)

($10,000); *Dewey v. Volkswagen of Am.*, 728 F. Supp. 2d 546, 616 (D.N.J. 2010) ($10,000); *Liberte Capital Grp. v. Capwill*, No. 5:99-cv-818, 2007 WL 2492461, at *1 (N.D. Ohio Aug. 29, 2007) ("Incentive awards, where appropriate, generally range from a few thousand dollars to $85,000.00") (collecting cases).

    As such, it is hereby **ORDERED** and **ADJUDGED**:

21. The benefits of the Settlement are fair, reasonable, and adequate. Further, for purposes of settlement, the proposed Settlement Class meets the requirements of Fed. R. Civ. P. 23(a) and (b)(3), and the Court therefore certifies the Settlement Class as defined in the Agreement. Finally, the requested attorneys' fees, costs, and service award are approved as reasonable, fair, and adequate.

22. All Releasing Parties are hereby barred and enjoined from asserting any Released Claims against GEICO or its affiliates. GEICO and the Released Parties are released from the Released Claims. This Court reserves continuing and exclusive jurisdiction over the Parties to this Agreement, including GEICO and Settlement Class Members, to administer, supervise, and enforce this Agreement in accordance with its terms.

23. In accordance with Fed. R. Civ. P. 54, this Final Order and Judgment is a final and appealable order. Specifically, this Final Judgment is a final order in the Action within the meaning and for the purposes of the Federal Rules of Civil Procedure as to all claims among GEICO on the one hand, and the Class Representative and all Settlement Class Members on the other, and there is no just reason to delay enforcement or appeal.

24. The Clerk of this Court is directed to enter a judgment of dismissal and close this case.

25. Without in any way affecting the finality of this Final Order and Judgment, the Court shall retain continuing jurisdiction for purposes of:

A. enforcing this Final Judgment and the Agreement;

B. hearing and determining any application by any Party to the Settlement for a settlement bar order; and

C. any other matters related or ancillary to any of the foregoing.

IT IS SO ORDERED this **13th** day of **February**, 2025.

s/Tonianne J. Bongiovanni
HON. TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE

**[The Clerk of the Court is directed to terminate Docket Entry Nos. 87 and 88.]**